UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHLEEN MARIE BIRYLA,

                Plaintiff,

                                      **Hon. Hugh B. Scott**

                                      **17CV1176**
           v.

                                      **CONSENT**

COMMISSIONER,                                  **Order**

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 11 (plaintiff), 19 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

References noted as "[R. __]" are to the certified record of the administrative proceedings, filed with this Court (Docket No. 5).

The plaintiff ("Kathleen Biryla" or "plaintiff") filed an application for disability insurance benefits on July 1, 2013 [R. 63]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated June 28, 2016, that the plaintiff was not disabled within

the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on September 22, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on November 17, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 11, 19), and plaintiff duly replied (Docket No. 20). This case was scheduled for oral argument and a status conference on January 9, 2019 (Docket No. 21), but due to the failure to enact appropriations, the proceedings were stayed (Docket No. 22). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 49-year-old with a high school education, last worked as a registered nurse, nurse supervisor, and nurse consultant [R. 72]. The vocational expert testified that a claimant like plaintiff could return to work as a nurse consultant [R. 72-73]. She contends that she was disabled as of her onset date of February 7, 2013. Plaintiff claims the following impairments deemed to be severe by the ALJ: seizure disorder, spondolesthesis in the lumbar spine with disc herniation, inflammatory arthritis, mild ac joint atrophy in the right shoulder, tremors, anxiety disorder, and depression. Plaintiff claimed other impairments, such as head injury, cognitive impairment, chronic pain, and degenerative and other conditions, that the ALJ deemed to be non-severe.

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ found that plaintiff had a residual functional capacity to perform light work, with some limitations [R. 68-69]. With this capacity, the ALJ found that plaintiff could perform

her past relevant work as a nurse consultant, at sedentary exertion of work [R. 72-73]. Applying that capability, the vocational expert alternatively found that a claimant like plaintiff also could work as a teacher's aide or school nurse (both light exertion work) [R. 73]. The ALJ then concluded that plaintiff was not disabled. As a result, the ALJ held that plaintiff was not disabled [R. 74].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience,

3

engage in any other kind of substantial gainful work which exists in the national economy . . . ."
42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

    (1) whether the plaintiff is currently working;

    (2) whether the plaintiff suffers from a severe impairment;

    (3) whether the impairment is listed in Appendix 1 of the relevant regulations;

    (4) whether the impairment prevents the plaintiff from continuing past relevant work; and

    (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity

4

and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. At Step Two and subsequent steps of the five-step analysis, plaintiff contends that the ALJ did not address plaintiff's claimed impairments, particularly her head injury, cognitive impairment, chronic pain, and degenerative conditions (Docket No. 11, Pl. Memo. at 15-17). She also disputes the ALJ's conclusion that Listings were met for these ailments (Docket No. 11, Pl. Memo. at 17-19). Defendant Commissioner responds that the ALJ properly weighed the medical evidence and that plaintiff gives alternative labels for the same impairments the ALJ discussed (Docket No. 19, Def. Memo. at 12-13).

As for impairments consideration at Step Two, plaintiff bears the burden of establishing that he or she has a severe impairment, "which is 'any impairment or combination of impairments which significantly limits [the claimant's] ability to do basic work,'" Miller v. Berryhill, No. 16CV6467, 2017 U.S. Dist. LEXIS 153578, at *20 (W.D.N.Y. Sept. 20, 2017)

(Telesca, J.); see 20 C.F.R. § 404.1520(c). An impairment or combination of impairments found to be "not severe" when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work, SSR 85-28, 1985 SSR LEXIS 19 (1985). In this Circuit, this Step Two severity analysis "may do no more than screen out de minimis claims," Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995). Despite this level of screening at Step Two, plaintiff still has the burden to show that her impairments or combination of impairments significantly limited her ability to perform work. At Step Three, plaintiff has the burden of showing that her impairments meet or exceed impairments listed in Social Security regulations.

At Step Two, plaintiff lists various diagnoses and conditions she was treated for (Docket No. 11, Pl. Memo. at 15-17) but does not point out which of these not deemed to be severe by the ALJ impaired plaintiff's ability to do basic work. As for the next Step, plaintiff points (Docket No. 11, Pl. Memo. at 18) to the entire administrative record that the ALJ failed to consider in meeting the relevant Listings, without focusing on the specifics of the claimed Listings or the pieces of evidence disregarded by the ALJ (see No. 19, Def. Memo. at 14).

As for Step Four, plaintiff argues the ALJ did not properly evaluate key medical opinions, by the ALJ diminishing the opinions of Doctors Ryan DenHaese and Kenneth Murray and psychiatric nurse practitioner Isabel Molina. Dr. DenHaese opined in March 2016 that plaintiff could lift no more than 10 pounds and thus was a good candidate for disability benefits [R. 70, 677-79], but the ALJ did not credit this since the opinion was not supported by examination and treatment evidence ([R. 70]; Docket No. 11, Pl. Memo. at 24-26; cf. No. 19, Def. Memo. at 15-16). Defendant disputes this because plaintiff's prior course of treatment did

6

not support a finding of limitation (Docket No. 19, Def. Memo. at 16; [R. 70, 626, 633 (Oct. 2013 and Jan. 2014 examinations]). These previous examinations found that plaintiff's arthritic pain was stable when plaintiff was on medication [R. 633, 626].

Dr. Murray, in 2013 to 2016, found that plaintiff was unable to work due to epilepsy, head injury, mood disorder, memory loss, chronic pain, and other conditions (Docket No. 11, Pl. Memo. at 26-27). Defendant responds that the ALJ found only partial support for Dr. Murray's mental condition because it was based upon plaintiff's subjective complaints (Docket No. 19, Def. Memo. at 17; [R. 70]). Plaintiff argues that the ALJ should have sought clarification and functional assessments from the doctors (Docket No. 11, Pl. Memo. at 26).

Dr. Murray concluded that plaintiff had generalized convulsive epilepsy based upon her clinical history, exam findings, and previous EEG findings [R. 510]. The ALJ discounted the doctor's opinion based upon findings the ALJ felt were based on plaintiff's complaints, but the ALJ does not address Dr. Murray's examination-based findings. Dr. Murray estimated in November 2013 [R. 539] that plaintiff would be cleared to return to work in March 2014 but the possibility of sooner return if her seizures are under control [R. 541]. Although the doctor did not give a functional analysis [R. 70], Dr. Murray's subsequent examination (for example in July 2015) noted that plaintiff had not returned to work [R. 696].

In August 2014, Molina made a functional assessment, concluding that plaintiff's depression, sensitivity to stress and mood instability would make her return to nursing unlikely ([R. 178]; No. 11, Pl. Memo. at 5). The ALJ only gave some weight to Molina's opinion, discounting so much of it finding that plaintiff could not go back to work for multiple medical issues that Molina was not treating plaintiff [R. 71]. The ALJ faulted that opinion because it

7

was void of functional limitations to support it [R. 71]. Although plaintiff argues this opinion should be granted greater weight, plaintiff does not state why save the generic statement that the entire record supports these (and other) findings (cf. No. 11, Pl. Memo. at 24-25).

The ALJ has a duty to develop the record where there are gaps, such as here in not seeking functional analysis from Dr. Murray or Ms. Molina. The ALJ **inappropriately diminished** the weight of these opinions although these longitudinal assessments note plaintiff's limitations. Plaintiff's motion (Docket No. 11) is **granted** and the matter is remanded to complete the record on functional analyses of plaintiff's seizures and her mental condition.

Plaintiff finally contends that the Appeals Council erred in not considering new evidence from Dent Neurologic Institute and Buffalo Therapy Services. The Appeals Council declared that this evidence did not relate to the period at issue and did not affect the decision whether plaintiff was disabled as of the decision date from the ALJ, June 28, 2016 [R. 2]. The defendant agrees that the new evidence did not relate to the relevant period before June 28, 2016, and (if admitted) would not change the outcome of the ALJ's 2016 decision (Docket No. 19, Def. Memo. at 19).

To prevail, the evidence plaintiff wanted the Appeals Council to consider would have to relate to the period prior to the June 2016 ALJ decision and that this new material would change that decision, 20 C.F.R. § 404.970(a)(5) (see Docket No. 19, Def. Memo. at 19). Plaintiff argues that this new evidence is related to the existing conditions (Docket No. 11, Pl. Memo. at 29) but only specifies cognitive language deficit and significant delays in completing tasks (Docket No. 20, Pl. Reply at 10; [R. 16-27]). Plaintiff presently fails to show how this evidence relates to plaintiff's condition as of the ALJ's decision date. On remand, the Appeals Council in

8

the first instance can consider these post-June 2016 records and see if they inform the question of plaintiff's disability.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 11) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 19) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 28, 2019